FILED
SUPERIOR COURT
OF GUAM

2019 JUL 12 /PM 4: 59

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| VALERIE ANN WOSKA,<br><br>Plaintiff,<br><br>vs.<br><br>DR. DAVID J. WOSKA,<br><br>Defendant. | **Superior Court Case No. CV0246-18**<br><br>**DECISION AND ORDER RE<br>MOTION FOR AN<br>ORDER TO SHOW CAUSE** |

Plaintiff Valerie Ann Woska seeks to hold Defendant David Woska in contempt for failing to comply with a Stipulation to Judgment and Order. Having considered the parties' arguments and applicable law, the Court issues the following Decision and Order GRANTING Valerie's Motion for an Order to Show Cause and finding David in contempt of Court.

## I.   PROCEDURAL HISTORY

Valerie filed suit against David to enforce various Florida court orders. First Am. Compl. ¶¶ 1, 12, 13, 14, Exs. 3, 5, 6, 7 (Apr. 3, 2018). The parties eventually entered into a Stipulation to Judgment and Order re Alimony and Arrears ("Stipulation"), wherein David agreed to satisfy any outstanding alimony arrears and to use his best efforts to assign his wages and/or direct payroll deduction from his employer to Valerie's counsel for future alimony payments. Stip. J. and Order re Alimony and Arrears at ¶¶ 1, 2, 5 (Aug. 10, 2018). Valerie now moves to have David held in contempt of Court for violating the Florida orders and the Stipulation. Mot. OSC (Mar. 22, 2019).

# ORIGINAL

## II.   DISCUSSION

Under Guam law, a party can be held in contempt of court when, by clear and convincing evidence, there is (1) a valid order, (2) knowledge of the order, (3) ability to comply with the order, and (4) a willful failure to comply with the order. *Rodriguez v. Rodriguez*, 2003 Guam 8 ¶ 15. The Court proceeds to examine each prong.

First, the orders at issue are the Florida orders and the Stipulation.  The Court must narrow which issues it can address on a contempt motion. Valerie contends that David has violated the Florida orders because he has stopped paying alimony, may have removed her as the beneficiary of his life insurance policy, and had failed to provide her with health insurance. However, the Court has not adjudicated whether the Florida orders are entitled to full faith and credit; it was not specifically discussed in the Stipulation. The Court thus focuses on whether David has violated the Stipulation, which this Court executed and which neither party disputes as valid. Minute Entry (May 13, 2019).

Second, in reviewing the Stipulation, the Court finds that it does not contain health and life insurance provisions, but it does outline when and how David must pay Valerie alimony and arrears. To comply with the Stipulation, David must use his best efforts to have his employer automatically deduct his alimony from his payroll to Valerie's counsel, pay Valerie alimony every two weeks, and pay any remaining alimony arrears.  During the Contempt Hearing, he conceded to failing to pay a $6,000 spousal support payment on or about March 29, 2019, and a $10,000 spousal support payment in August 2018. Pl.'s Sur-Reply Br. Re Contempt of Court (May 22, 2019); Minute Entry (May 13, 2019).[1]

---

[1] Valerie has represented that David's alimony is now automatically deducted from his payroll, so the Court does not address the issue. Pl.'s Sur-Reply Br. Re Contempt of Court at 2.

ORIGINAL

Third, the Court finds that David had an ability to comply with the Stipulation. David had been an employee of GRMC for months at the time he missed his $6,000.00 monthly payment. With his salary, he was able to make that same payment amount for months prior to the missed payment, and for months after. He has not demonstrated any special circumstance why he could not make the March 29, 2019 payment. David also agrees to make that payment.

Finally, the Court addresses David's willful failure to comply. Willfulness is traditionally considered an "essential element of the offense" of contempt. *People of Guam v. Torres*, 2008 Guam 26 ¶ 5. However, "a good faith belief that a party's interpretation of the support order is correct may prevent a finding of willfulness for purposes of establishing contempt." *Lamb v. Hoffman*, 2008 Guam 2 ¶ 52. A party acts in "good faith" when they take "all reasonable steps within [their] power to comply with the court's order." *Landmark Legal Found. v. E.P.A.*, 272 F. Supp. 2d 70, 78 (D.D.C. 2003).

David's actions show willful contempt because he admits to knowing about the provisions in the Stipulation yet still failed to satisfy them for months afterward. This conduct subjects him to penalties: "Any person found guilty of contempt of court pursuant to § 34102(b) is subject to the same penalties as a person found guilty of a petty misdemeanor." 7 GCA § 34101(b); *Lamb*, 2008 Guam 2 ¶ 15. Penalties for conviction of a petty misdemeanor include imprisonment for not more than sixty days, a fine of $500, or "[a]ny higher amount equal to double the pecuniary gain to the offender or loss to the victim caused by the conduct constituting the offense by the offender." 9 GCA § 80.34(b), 80.50(e).

Here, the Court finds it appropriate to hold David in contempt until he becomes current with his payments. He must become current within four months from the date of this Order, or be subject to a $500 fine. The Court does not find an award of attorney's fees to be appropriate

ORIGINAL

because Valerie did not prevail on all issues addressed in her Motion.

## III.  CONCLUSION

The Court GRANTS Valerie's Motion for Order to Show Cause and finds David willfully violated the Stipulation committed contempt of Court. The Court ORDERS David to become current within four months of the date of this Order or be subject to a $500 fine.

SO ORDERED this 12th day of July 2019.

_____
HON. ELYZE M. IRIARTE
**Judge, Superior Court of Guam**

SERVICE VIA COURT

I acknowledge that a copy of the original hereto was placed in the Court Box of:

Berman
Gavras

Date: 7/12/19     Time: ___

Deputy Clerk, Superior Court of Guam

Appearing Attorneys:
Daniel J. Berman, Esq., Berman, O'Connor & Mann, for Valerie Ann Woska
William L. Gavras, Esq., Law Offices of William L. Gavras, for Dr. David J. Woska

ORIGINAL